OPINION
Appellant, Robert Pierce, appeals a Warren County Court of Common Pleas, Juvenile Division, judgment granting permanent custody of his daughter, McKenzie Lynn Pierce, to Warren County Children Services ("WCCS").
On February 18, 2000, WCCS filed a complaint in juvenile court alleging that McKenzie was a neglected and abused child. McKenzie, who was born addicted to methadone, was placed in protective custody of WCCS on February 18, 2000. On April 6, 2000, McKenzie was adjudicated a neglected and abused child. At a dispositional hearing on May 11, 2000, McKenzie was ordered to remain in the temporary custody of WCCS.
WCCS filed a motion for permanent custody on February 20, 2001. Following a May 2, 2001 hearing, permanent custody was granted to WCCS. Appellant filed this appeal, raising one assignment of error:
 THE DECISION TO GRANT THE MOTION FOR PERMANENT CUSTODY WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
In his sole assignment of error, appellant claims that the trial court's decision to grant permanent custody of McKenzie to WCCS was not supported by clear and convincing evidence. Appellant insists that the trial court erred in finding that this decision was in McKenzie's best interest. We disagree.
Natural parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer (1982),455 U.S. 745, 753, 102 S.Ct. 1388, 1394-1395. A motion by the state to terminate parental rights "seeks not merely to infringe that fundamental liberty interest, but to end it." Id. at 759, 102 S.Ct. at 1397. Therefore, due process requires that the state prove by clear and convincing evidence that the statutory standards have been met. Id. at 769, 102 S.Ct. at 1403.
A reviewing court will reverse a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. Id. at 479. When deciding a permanent custody case, the trial court is required to make specific statutory findings; the reviewing court must determine whether the trial court either followed the statutory factors in making its decision or abused its discretion by deviating from the statutory factors. See In reWilliam S. (1996), 75 Ohio St.3d 95.
The trial court determined that permanent custody should be granted to WCCS pursuant to R.C. 2151.414(B)(1)(d). Specifically, the trial court determined that there was clear and convincing evidence that granting permanent custody would be in McKenzie's best interest and that McKenzie had been in the temporary custody of WCCS for twelve or more months of a consecutive twenty-two month period ending on or after May 18, 1999.[1]
By the time of the hearing on the motion for permanent custody, McKenzie's mother, Jennifer Lacey, was deceased due to a drug overdose. Appellant was incarcerated with an anticipated release date of February 2002. During his imprisonment, appellant failed to complete drug and alcohol assessments and psychological evaluations. The guardian adlitem recommended that permanent custody be granted to WCCS.
At the beginning of the permanent custody hearing, appellant asked to be excused and asked the trial court to waive his appearance. Appellant also objected to being called as a witness. The trial court overruled appellant's objection.
Appellant testified that in addition to McKenzie, he has four other children who are not in his custody. Appellant testified that his original prison sentence was extended after he attempted to convey narcotics into prison. Appellant testified, "I'm not asking to be granted custody, I'm asking for the court to give me a chance to get out, get on my feet and have a life with my daughter." Appellant testified that he anticipated that it would take him "[a]pproximately a year to 18 months" to do this. Appellant planned on being paroled to his parents' house and then seeking treatment for his drug problem. Appellant admitted that no one in his family had visited or had any relationship with McKenzie. Appellant also admitted that he had assaulted McKenzie's mother when she was pregnant. After testifying, appellant asked the trial court's permission to leave before the end of the hearing.
Teresa Lacey, McKenzie's current foster mother, is McKenzie's maternal aunt. Teresa, who has been caring for McKenzie since September 2000, testified that she wishes to adopt McKenzie. In his report, the guardianad litem found that Teresa and her fiancé would provide an appropriate home for McKenzie.
The trial court determined that granting permanent custody would be in McKenzie's best interest and that McKenzie had been in the custody of WCCS for twelve or more months of a consecutive twenty-two month period ending on or after May 18, 1999. Reviewing the record, we find that the trial court's decision to grant permanent custody of McKenzie to WCCS is supported by clear and convincing evidence. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2151.414(B)(1) states:
 Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
* * *
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.
R.C. 2151.414(D) states:
 In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 For the purposes of this division, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.